1  SPENCER HOSIE (CA Bar No. 101777)
   shosie@hosielaw.com
2  GEORGE F. BISHOP (CA Bar No. 89205)
   gbishop@hosielaw.com
3  DIANE S. RICE (CA Bar No. 118303)
   drice@hosielaw.com
4  WILLIAM P. NELSON (CA Bar No. 196091)
   wnelson@hosielaw.com
5  HOSIE RICE LLP
   600 Montgomery Street, 34th Floor
6  San Francisco, CA 941111
   (415) 247-6000 Tel.
7  (415) 247-6001 Fax

8

9  *Attorneys for Plaintiff*
   *MASTEROBJECTS, INC.*

10

11                  UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                     SAN FRANCISCO DIVISION

14
   MASTEROBJECTS, INC.,                Case No. _____
15
          Plaintiff,
16                                      **ORIGINAL COMPLAINT AND**
   v.                                   **DEMAND FOR JURY TRIAL**
17
   AMAZON.COM, INC.
18
          Defendant.
19

20

21

22

23

24

25

26

27

28

Plaintiff MasterObjects, Inc. ("MasterObjects" or "Plaintiff") hereby files its complaint against defendant Amazon.com Inc. ("Amazon" or "Defendant"), for patent infringement. For its complaint, Plaintiff alleges, on personal knowledge as to its own acts and on information and belief as to all other matters, as follows:

### PARTIES

1.      MasterObjects is a corporation organized under the laws of the State of Delaware, with its principal place of business in San Francisco, California, prior to January 1, 2010, and now Maarssen, Netherlands.

2.      Amazon is a corporation organized under the laws of the State of Delaware, with its principal place of business in Seattle, Washington.

### JURISDICTION AND VENUE

3.      This complaint asserts a cause of action for patent infringement under the Patent Act, 35 U.S.C. § 271. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. § 1338(a). Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b), in that Amazon may be found in this district, has committed acts of infringement in this district, and a substantial part of the events giving rise to the claim occurred in this district.

4.      This Court has personal jurisdiction over Amazon because Amazon has a place of business in, and provides infringing products and services in, the Northern District of California.

### INTRADISTRICT ASSIGNMENT

5.      Pursuant to Civil LR 3-2(c), this case should be subject to district-wide assignment because it is an Intellectual Property Action.

ORIGINAL COMPLAINT AND JURY DEMAND          1          Case No. _____

## I.    STATEMENT OF FACTS

### A.    The Plaintiff MasterObjects and its Instant Search Technology

6.    From the earliest days of Internet search, the search process has been hampered by what is known as the "request-response loop." The user would type a query into a static input field, click a "submit" or "search" button, wait for the query to be sent to a remote database, wait for the result set to be returned to the server, wait for the server to build an HTML page, wait for the page to load into the browser, and then wait for the client window to be redrawn so that the result set could be viewed.

7.    Inherent in the "request-response loop" is the pragmatic reality that, if the result set did not match user expectations, the entire process had to be repeated, recursively, until the results satisfied the user.

8.    In 2000, Mark Smit, the founder of Plaintiff MasterObjects, invented a novel approach to search, an approach that solved the "request-response loop" problem. Smit envisioned a system where a dynamic and intelligent search field would immediately begin submitting a search query as soon as the user began typing characters into the query field. Using asynchronous communications technology, as the user typed more characters, the results in the drop-down box would change dynamically, becoming increasingly relevant as the string of characters lengthened. In essence, search would become effective and granular at the *character* level, not the block request *submit* level. More, this would happen real-time, as the user typed in characters, and not be dependent on hitting a "search" or "submit button."

9.    MasterObjects filed its first patent application in August 2001, "System and Method for Asynchronous Client Server Session Communication."

10.     MasterObjects filed its second patent application in 2004, as a continuation-in-part of the 2001 filing.  This second application, titled "System and Method for Utilizing Asynchronous Client Server Communications Objects," issued as U.S. Patent No. 7,752,326 in July 2010 ("'326" or "instant search").

11.     The '326 Abstract summarizes the invention as follows:

> A session-based client-server asynchronous information search and retrieval system for sending character-by-character or multi-character strings of data to an intelligent server, that can be configured to immediately analyze the lengthening string and return to the client increasingly appropriate search information.  Embodiments include integration within an Internet, web or other online environment, including applications for use in interactive database searching, data entry, online searching, online purchasing, music purchasing, people-searching, and other applications.  In some implementations the system may be used to provide dynamically focused suggestions, auto-completed text, or other input-related assistance, to the user.

12.     MasterObjects' products practice the '326 patent, and MasterObjects has been selling these products from 2004 forward.  MasterObjects remains a going concern today, selling products that practice its patented technology.

**B.     The Infringing Amazon Products.**

13.     Amazon products and technologies infringe the claims of MasterObjects' '326 patent, as set out below.

**Amazon Search Suggestions**

14.     Amazon's Amazon.com website is one of the world's largest online retail operations, offering a wide variety of products for sale, with delivery by physical shipment or download.

15.     On information and belief, Amazon enhanced the product search capabilities available at its Amazon.com website in 2008, with the introduction of "search suggestions," a feature that suggests product search queries as the user types.

16.     Using this feature, a visitor to Amazon.com using a web browser is presented with a ubiquitous search field at the top of every Amazon.com web page.  As the user begins typing individual characters in the search field, Amazon's enhanced search system anticipates the user's query, and asynchronously suggests complete queries that match the partial query being typed by retrieving from Amazon's servers a set of suggested queries.  As the user types additional characters in the search box, the client asynchronously communicates with the server, and the server returns a more focused set of potentially matching queries to the user.  This process continues as the user continues to type characters, until a query is selected and search results are retrieved.

17.     These enhancements provide numerous benefits to Amazon and its customers, including speeding the search process, lessening user typing, catching mistakes mid-query, and otherwise increasing user efficiency.  Amazon has now extended its enhanced search capabilities beyond the Amazon.com website, via browser toolbars and add-ins, and mobile applications for the iPhone, Android, and Windows Phone platforms.

## COUNT I

### PATENT INTRINGEMENT
### (The Instant Search Patent)

18.     On July 6, 2010, United States Patent No. 7,752,326 (the "instant search" patent) entitled "System and Method For Utilizing Asynchronous Client Server Communications Objects" was duly and legally issued.  A true and correct copy of the '326 patent is attached as Exhibit A.

19.     MasterObjects is the inventor of the '326 instant search patent. The '326 patent has been assigned to Plaintiff. Plaintiff MasterObjects is the sole legal and rightful owner of the instant search patent.

20.     Amazon makes, uses, and sells products and technologies, including Amazon search suggestions, that infringe the instant search patent, as alleged above in paragraphs 13 through 17 and included here by reference. This conduct constitutes infringement under 35 U.S.C. § 271(a).

21.     As a result of the infringement by Amazon, Plaintiff has been damaged, and will continue to be damaged, until this Defendant is enjoined from further acts of infringement.

22.     Amazon will continue to infringe unless enjoined by this Court. Plaintiff faces real, substantial and irreparable damage and injury of a continuing nature from infringement for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment:

A.     that the Patents-in-Suit are valid and enforceable;

B.     that Defendant has infringed one or more claims of the Patents-in-Suit;

C.     that Defendant account for and pay to Plaintiff all damages caused by the infringement of the Patents-in-Suit, which by statute can be no less than a reasonable royalty;

D.     that this Court issue a preliminary and final injunction enjoining Amazon, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them, from continuing the acts herein complained of, and more particularly, that Amazon and such other persons be permanently enjoined and restrained from further infringing the instant search patent;

E.      that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Defendant's infringement of the Patents-in-Suit;

F.      that this Court require Defendant to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which Defendant has complied with the injunction;

G.      that this be adjudged an exceptional case and the Plaintiff be awarded its attorney's fees in this action pursuant to 35 U.S.C. § 285;

H.      that this Court award Plaintiff its costs and disbursements in this civil action, including reasonable attorney's fees; and

I.      that Plaintiff be granted such other and further relief as the Court may deem just and proper under the current circumstances.

Dated:  March 7, 2011                    Respectfully submitted,


_____
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
WILLIAM P. NELSON (CA Bar No. 196091)
wnelson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 941111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*MASTEROBJECTS, INC.*

ORIGINAL COMPLAINT AND JURY DEMAND          6          Case No. _____

## DEMAND FOR JURY TRIAL

Plaintiff, by its undersigned attorneys, demands a trial by jury on all issues so triable.

Dated:  March 7, 2011                          Respectfully submitted,


_____

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
WILLIAM P. NELSON (CA Bar No. 196091)
wnelson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 941111
 (415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*MASTEROBJECTS, INC.*